# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC, et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Art Van Furniture, LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL NICHOLAS DESIGNS, INC.,<br><br>Defendant. | Adv. Proc. No. 22-50200(CSS) |

**ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550; JURY TRIAL DEMANDED**

Defendant Michael Nicholas Designs, Inc. ("Designs") answers the Complaint For Avoidance And Recovery of Preferential Transfers Pursuant To 11 U.S.C. §§ 547 & 550 (the "Complaint") filed by Alfred T. Giuliano in his capacity as the chapter 7 trustee of Art Van Furniture, LLC et al. ("Plaintiff") as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

70048421v1

1.        Designs admits paragraphs 1, 2, 3, and 4 of the Complaint.

2.        Designs denies paragraph 5 of the Complaint.

3.        In response to paragraph 6 of the Complaint, Designs states that it does not consent to the entry of final order or judgments by the Bankruptcy Court.

4.        Designs admits paragraph 7 of the Complaint.

5.        In response to paragraph 8 of the Complaint, Designs admits that this is an adversary proceeding pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure and sections 547 and 550 of the Bankruptcy Code. Designs denies the remaining allegations of paragraph 8.

6.        Designs admits paragraphs 9, 10, and 11 of the Complaint.

7.        In response to paragraph 12 of the Complaint, Designs admits that Designs bears the burden of proof under Bankruptcy Code section 547(g) to establish any defenses under section 547(c) of the Bankruptcy Code. Designs further admits that Plaintiff, through counsel, sent multiple Demand Letters to Designs seeking return of the Transfers and requesting that Designs provide evidence to support any affirmative defenses. Designs lacks sufficient knowledge or information to form a belief as the truth of Plaintiff's allegation that Plaintiff performed his own due diligence review of the reasonably knowable affirmative defenses available to Designs and on that basis denies such allegation. Designs denies the remaining allegations of paragraph 12 of the Complaint.

8.        In further response to paragraph 12 of the Complaint, Designs alleges that prior to the filing of the Complaint, Plaintiff's counsel and Designs' counsel exchanged multiple letters. In those letters, Designs' counsel submitted evidence supporting Designs' new value defense under Bankruptcy Code section 547(c)(4) and Plaintiff conceded that Designs had a new value defense under Bankruptcy Code section 547(c)(4) to all but $286,556 of the Transfers. Thus,

Plaintiff's counsel's letter of November 18, 2021 states "our number set forth herein net of new value is $286,556." Despite this concession, the Complaint seeks the avoidance and recovery of all of the Transfers in the total amount of over $907,000.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfer - 11 U.S.C. § 547)

9. In response to paragraph 13 of the Complaint, Designs repeats and incorporates its responses to paragraphs 1 through 12 of the Complaint.

10. Designs admits paragraphs 14, 15, 16, 17, and 18 of the Complaint.

11. In response to paragraph 19 of the Complaint, Designs lacks sufficient knowledge or information to form a belief as the truth of Plaintiff's allegation that each of the Transfers was made while the Debtors were insolvent and on that basis denies such allegation. Designs admits that the Debtors are presumed to be insolvent during the 90 days preceding the Petition Date.

12. Designs lacks sufficient knowledge or information to form a belief as the truth of the allegations of paragraph 20 of the Complaint and on that basis denies paragraph 20.

13. Designs admits paragraph 21 of the Complaint.

14. Designs denies paragraph 22 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (For Recovery of Property - 11 U.S.C. § 550)

15. In response to paragraph 23 of the Complaint, Designs repeats and incorporates its responses to paragraphs 1 through 22 of the Complaint.

16. Designs denies paragraphs 24 and 25 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

17. The Complaint fails to state a claim for relief against Designs.

### Second Affirmative Defense

18. Each of the Transfers was in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Designs.

19. Each of the Transfers was made in the ordinary course of business or financial affairs of the Debtors and Designs.

20. Each of the Transfers was made according to ordinary business terms.

21. By reason of the foregoing, as provided in Bankruptcy Code section 547(c)(2), none of the Transfers may be avoided by Plaintiff.

### Third Affirmative Defense

22. After each Transfer, Designs gave new value to the Debtors that was not secured by an otherwise unavoidable security interest and on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Designs.

23. By reason of the foregoing, as provided in Bankruptcy Code section 547(c)(4), none of the Transfers may be avoided by Plaintiff.

### Fourth Affirmative Defense

24. Plaintiff is not entitled to the relief requested in the Complaint under the doctrine of estoppel.

### Fifth Affirmative Defense

25. Plaintiff is not entitled to the relief requested in the Complaint under the doctrine of laches.

### Sixth Affirmative Defense

26. Plaintiff is not entitled to the relief requested in the Complaint as it has waived any and all rights asserted in the Complaint.

### **Seventh Affirmative Defense**

27. Recovery of the alleged transfers at issue is barred by 11 U.S.C. § 550(a)(1) because the transfers are not avoidable under 11 U.S.C. § 547.

### **Eighth Affirmative Defense**

28. Designs asserts all remaining affirmative defenses contained in Rules 8 and 12 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rules 7008 and 7012 of the Federal Rules of Bankruptcy Procedure, as they may be applicable under the facts to be developed in this case.

### **Ninth Affirmative Defense**

29. Designs reserves the right to supplement its defenses as the case proceeds through the discovery phase and as more information becomes known to it.  All facts not specifically admitted are denied.

### **JURY TRIAL DEMAND**

Designs demands a trial by jury.


[*signature page follows*]

| | |
|---|---|
| DATED:  April 1, 2022 | */s/ Chantelle D. McClamb* <br> Tobey M. Daluz (No. 3939) <br> Chantelle D. McClamb (No. 5978) <br> Ballard Spahr LLP <br> 919 N. Market Street, 11th Floor <br> Wilmington, Delaware 19801 <br> Tel: (302) 252-4465 <br> Fax: (302) 252-4466 <br> E-mail: daluzt@ballardspahr.com <br>           mcclambc@ballardspahr.com <br><br> and <br><br> Bennett G. Young <br> Jeffer Mangels Butler & Mitchell LLP <br> Two Embarcadero Center, 5th Floor <br> San Francisco, California 94111 <br> Telephone: (415) 984-9626 <br> Facsimilie (415) 398-5584 <br> E-mail: byoung@jmbm.com <br><br> Attorneys for Michael Nicholas Designs, Inc. |

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 1st day of April, 2022, a copy of the foregoing Answer was served via first class mail, upon:

> Bradford J. Sandler
> Andrew W. Caine
> Jeffrey P. Nolan
> Peter J. Keane
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, Delaware 19899

                                    */s/ Chantelle D. McClamb*
                                    Chantelle D. McClamb